**Cecilia Angkawidjaja PACQUIAO; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70166.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Cecilia Angkawidjaja Pacquiao, Las Vegas, NV, pro se.

Regional Counsel, Laguna Niguel, CA, District Director, Phoenix, AZ, William

Campbell Erb, Jr., Attorney, Blair T. O'Connor, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Cecilia Angkawidjaja Pacquiao, her husband, Teodoric, and her daughters, Amelia, Jenny, Candy, and Aimee, natives and citizens of Indonesia, petition for review of the decision of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of their application for asylum and withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the IJ's decision as the final agency determination, *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003), and we review for substantial evidence the IJ's determination of an applicant's eligibility for withholding of removal, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction over the BIA's order denying petitioners' motion to reopen because they failed to file a separate petition for review after that order was issued. *See Stone v. INS,* 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

We also lack jurisdiction to review the IJ's determination that petitioners' asylum

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

application was not filed within the one-year limitations period, and that the time period was not tolled due to "changed circumstances." *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

Substantial evidence supports the IJ's determination that petitioners failed to show that it is more likely than not that they would be persecuted upon returning to Indonesia where the testimony established that the lead petitioner was the victim of a random act of sexual harassment and petitioners faced discrimination in Indonesia. *See Hakeem,* 273 F.3d at 816 (denying withholding of removal holding that "even for purposes of the less stringent asylum standard, the applicant must show more than the existence of a generalized or random possibility of persecution in [their] native country.").

To the degree that petitioners contend that the BIA's streamlined decision demonstrates that their application was not properly considered, this contention is foreclosed by *Falcon Carriche,* 350 F.3d at 850.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.